ANN WALSH BRADLEY, J.
¶ 45. {concurring). I agree with the majority that the court of appeals did not articulate a permissible reason to dismiss Smythe's appeal. Requesting a five working day extension to file a brief, absent more, does not justify the imposition of this drastic penalty under Wis. Stat. § (Rule) 809.83(2).
¶ 46. As we said most recently in Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261, 275-76, 470 N.W.2d 859 (1991), the sanction of dismissal is only appropriate where the record reflects that a party's failure to comply with a court order both is without excuse and egregious. While Attorney Kalal's conduct may have been without excuse, nowhere in the court of appeals' dismissal of Smythe's appeal or in its reconsideration of that dismissal is there any suggestion that it was egregious.
¶ 47. Further, there is nothing in the record that would support a finding that Attorney Kalal's conduct in this case was egregious. Even the majority opinion hesitatingly acknowledges this when it states:
we think it unlikely the court will find bad faith or egregious conduct in a request for an extension of five working days overlapping the New Year's weekend. . . .This does not suggest the type of protracted delay or abuse that will justify dismissal of an appeal. Majority op. at 471.
¶ 48. I therefore see no point in remanding this case to the court of appeals for the purpose of having it *475 review the same record to reconsider its dismissal. Quite simply, on this record dismissal is not an option. There is no reason to have the already overburdened court of appeals take additional time to reconsider its dismissal when the answer is foreordained. Accordingly, I would remand the case to the court of appeals to have it consider the merits of Smythe's appeal.
¶ 49. I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this opinion.